IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANNY CANALES,<br>　　*Plaintiff,*<br><br>v.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE COMPANY.<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:17-cv-3176<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant" or "Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Manny Canales v. Nationwide Property and Casualty Insurance Company*; Cause No. 2017-57575, in the 334th Judicial District of Harris County, Texas.

## I.
## INTRODUCTION

1.　　This is a first-party insurance lawsuit involving Plaintiff's claim under his homeowner's policy for defense and indemnity in a lawsuit originally styled *Diana Ramos d/b/a Diana, Inc. v. Manny Canales, Abdon Mendez Zurita, and Stonehenge Energy Solutions, LLC*, Cause No. C-0254-15-J, in the District Court of Hidalgo County, Texas, 430th Judicial District.[1] Plaintiff, dissatisfied with Nationwide's decision on his claim, brought this lawsuit in the District

---

[1]　　The underlying lawsuit was later transferred to Harris County, Texas, where it was styled *Diana Ramos, individually and d/b/a Diana, Inc. v. Manny Canales, Abdon Mendez, Stonehenge Energy Solutions, LLC and Morgan Stanley Smith Barney, LLC*, Cause No. 2015-53545, in the District Court of Harris County, Texas, 11th Judicial District.

Court of Harris County, Texas for the 334th Judicial District on August 30, 2017.[2] Nationwide received service through its registered agent on September 27, 2017,[3] and timely appeared and answered on October 20, 2017.[4]

2.     Plaintiff and Nationwide are wholly diverse. Moreover, Plaintiff has expressly pleaded an amount in controversy that exceeds the statutory minimum for federal jurisdiction. Accordingly, Nationwide files this Notice of Removal, duly removing the matter from Harris County District Court to this Court.

## II.
## ARGUMENT AND AUTHORITIES

3.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

4.     Plaintiff's state court pleading alleges that Plaintiff is a resident of Harris County, Texas.[5]

5.     Nationwide is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

6.     Because Plaintiff is a citizen of Texas and Depositors is a citizen of Iowa,

---

[2]   *See* Exhibit A, Plaintiff's Original Petition with citation.

[3]   *See id.*

[4]   *See* Exhibit B, Nationwide's Original Answer.

[5]   *See* Exhibit A, Plaintiff's Original Petition with citation, at ¶ 2 of the pleading.

complete diversity exists with respect to the parties to this case.

**B.     Amount in Controversy**

7.     Plaintiff affirmatively pleads an entitlement to monetary relief in excess of the federal jurisdictional minimum.  Specifically, Plaintiff states that Plaintiff is entitled to relief in the range of $200,000 to $1,000,000.[6]

8.     Nationwide expressly denies that Plaintiff is entitled to any of the damages sought by the petition.  However, the allegation made either by or on behalf of Plaintiff establishes that the amount in controversy requirement for federal diversity jurisdiction is satisfied.

### III.
### CONCLUSION

9.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.    Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

11.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Depositors will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 417th  Judicial District Court of Collin County, Texas.

---

[6]     Exhibit A, Plaintiff's Original Petition with citation, at ¶ 5 of the pleading, in which Plaintiff makes an election from among the pre-chosen damages ranges set forth in Rule 47 of the Texas Rules of Civil Procedure.

3

12. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Depositors of Plaintiff's Original Petition and less than one year after the commencement of this action.

13. In accordance with the local rules of this Court, Depositors will file with this Notice of Removal copies of all executed process in this case, all pleadings asserting causes of action, all orders signed by the state judge (here, none), the state court docket sheet, an index of matters being filed, and a list of all counsel of record. To the extent that materials maintained in the state court file are not filed contemporaneously herewith, they have been requested and Nationwide will supplement this Notice upon receipt of the additional documents. A statement in accordance with Rule 7.1 of the Federal Rules of Civil Procedure is also being filed contemporaneously with this Notice.

WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert R. Russell
Texas Bar No. 24056246
Southern District Bar No. 876504
rrussell@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 20th day of October, 2017, to:

Paul D. Flack                                               ***9414 7266 9904 2061 9338 96***
Pratt & Flack, LLP
4306 Yoakum Blvd., Suite 500
Houston, Texas 77006
pflack@prattflack.com

                                                   */s/ Patrick M. Kemp*
                                                   Patrick M. Kemp