# Exhibit A



# Notice of Service of Process

**TRL / ALL**
**Transmittal Number: 17191633**
**Date Processed: 09/27/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Company |
| **Title of Action:** | Manny Canales vs. Nationwide Property and Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201757575 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/27/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Pratt & Flack, LLP<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO.   201757575

RECEIPT NO.                                              75.00        CTM
**********                                        TR # 73415587

| | |
|---|---|
| PLAINTIFF: CANALES, MANNY<br>vs.<br>DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY COMPANY | In The   334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: NATIONWIDE PROPERTY AND CASUALTY COMPANY BY SERVING ITS REGISTERED
    AGENT CORPORATION SERVICES COMPANY

   211   EAST   7TH   STREET   SUITE 620   AUSTIN   TX   78701 - 3218

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>


This instrument was filed on the <u>8th day of September, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

      This citation was issued on 20th day of September, 2017, under my hand and
seal of said Court.


<u>Issued at request of</u>:
FLACK, PAUL D.
4306   YOAKUM BLVD., SUITE 500
HOUSTON, TX   77006
Tel: (713) 705-3087
Bar No.:   786930

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: ANDERSON, SARAH A   Q36//10777318

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:


_____         _____
                                          ADDRESS

                                          Service was executed in accordance with Rule 106
_____           (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                return receipt incorporated herein and attached
                                             hereto at


                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____


                                          CHRIS DANIEL, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy


N.INT.CITM.P                                                  *73415587*

8/30/2017 5:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19164310
By: Carla Carrillo
Filed: 8/30/2017 5:22 PM

**2017-57575 / Court: 334**

CAUSE NO. 2017-_____

| | | |
|---|---|---|
| MANNY CANALES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY | § | |
| AND CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiffs Manny Canales brings this action against Nationwide Property and Casualty Company ("Nationwide") and would respectfully show the Court and jury as follows:

**I.  Introduction**

1. Plaintiff purchased a homeowner's policy and an umbrella policy from Defendant Nationwide. He paid premiums on both policies for decades. Canales was sued in Hidalgo County. The claims asserted against Canales were both ridiculous and frivolous and they were also covered by his Nationwide policies. Nationwide first refused to provide Canales with a defense and then refused to reimburse him for the attorney's fees and expenses he incurred in the action. Nationwide also failed to provide prompt and fair settlement of Canales's claim and to provide timely responses to Canales's claim.

**II.  Parties**

2. Plaintiff Manny Canales resides in Harris County, Texas.

3. Defendant Nationwide Property and Casualty Company is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Services Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### III. Discovery Level, Relief Sought, Jurisdiction, and Venue

4. This case is intended to be governed by Discovery Level 2.

5. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks damages that are within the jurisdiction limits of this Court and Plaintiff states that he seeks monetary relief over $200,000 but not more than $1,000,000, including damages, punitive and/or exemplary damages, penalties, costs, expenses, pre-judgment and post-judgment interest, and attorney's fees.

6. This Court has personal jurisdiction over Defendant Nationwide because it does business in Texas and has committed specific acts in Harris County, Texas that injured Plaintiffs.

7. Venue is proper in Harris County, because a substantial part of the acts or omissions giving rise to Plaintiff's claims took place in Harris County. In particular, the underlying case (following transfer), the loss at issue, Canales's requests to Nationwide, his purchase of the policies, and his payment of decades of premiums all took place in Harris County. Canales also resides in Harris County.

### IV. Factual Background

8. Canales purchased a homeowner's insurance policy and an umbrella insurance policy from Defendant Nationwide. Canales was sued in a case that made ridiculous claims which were covered by the policies including claims for "reputational harm" and "injury to reputation." That case was styled *Diana Ramos v. Manny Canales et al.* Cause No. C-0254-15-J and was filed in Hidalgo County, Texas. Canales demanded indemnity and advancement of attorney's fees under the policies. Nationwide failed to timely respond to Canales's demands. Canales received no answer to his demand for coverage and a defense for more than three months. When Nationwide did respond, it improperly denied coverage and refused to provide or

2

pay for a defense. Much later, Nationwide apparently recognized that the claims were covered and it offered to provide an attorney for Canales, but by then Canales already had counsel and that counsel was very close to convincing the Plaintiff in that case and her counsel to voluntarily dismiss the case. Substituting counsel at that point, particularly with a known insurance defense attorney, would have jeopardized the impending dismissal.

9. After Canales's counsel secured dismissal of the case (and the end of Nationwide's exposure in the underlying case) Canales again demanded that Nationwide reimburse him for the attorney's fees and expenses he had incurred. Nationwide improperly failed and refused to reimburse Canales for the fees and expenses he incurred.

10. Nationwide knowingly committed the acts complained of and/or it did so in bad faith and/or without a reasonable basis and/or without justification. Nationwide's acts caused damages, including mental anguish, to Canales.

## V. Causes of Action

### First Causes of Action – Breach of Contract

11. Each of the foregoing paragraphs are incorporated herein.

12. As set out above, Nationwide breached the contracts of insurance that it entered into with Canales, by *inter alia*, failing to provide coverage or a defense or timely responses to his demands.

### Second Cause of Action – Texas Prompt Payment of Claims Statute

13. Each of the foregoing paragraphs are incorporated herein.

14. Nationwide violated the Texas Prompt Payment of Claims statute (Texas Insurance Code §§ 542.01 *et seq.*) by, *inter alia*, failing to acknowledge coverage and pay for Canales's attorney's fees and expenses and by failing to meet the statutory requirements for

accepting or denying coverage or the provision of a defense for the claim.

15. Therefore, in addition to Canales's claim for damages, he is entitled to recover his attorney's fees and 18% interest pursuant to Texas Insurance Code § 542.060.

**Third Cause of Action – Bad Faith/Deceptive Trade Practices**

16. Each of the foregoing paragraphs are incorporated herein.

17. Nationwide violated Texas Insurance Code § 541.060 by, *inter alia*:

   a. Making statements misrepresenting the terms and/or benefits of the policies;

   b. Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

   c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Nationwide's liability had become reasonably clear;

   d. Failing to promptly provide Canales with a timely response to his claim and to provide a reasonable explanation for the denial of Canales's claim;

   e. Failing within a reasonable time to affirm or deny coverage of Canales's claim or submit a reservation of rights to Canales. It took Nationwide over three months to answer Canales's claim;

   f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

18. Defendant violated Texas Insurance Code § 541.061 by, *inter alia*:

   a. Making an untrue statement of material fact;

   b. Failing to state a material fact necessary to make other statements made

        not misleading considering the circumstances under which the statements were made;

    c. Making a statement that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d. Making a material misstatement of law; and/or

    e. Failing to disclose a matter required by law to be disclosed.

19. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Nationwide.

20. Nationwide violated the Texas DTPA by, *inter alia*:

    a. Nationwide represented that the policies conferred and involved rights, remedies, or obligations which they did not have, or involve, or which are prohibited by law;

    b. Nationwide failed to disclose information concerning goods or services which were known at the time of the transaction when such failure to disclose such information was intended to induce Canales into a transaction that Canales would not have entered into had the information been disclosed; and/or

    c. Nationwide, by accepting insurance premiums for decades but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Nationwide took advantage of Canales's lack of knowledge, ability, experience and/or capacity to a grossly unfair degree, that also resulted in a gross disparity between the

consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

21. Canales is entitled to and requests exemplary and/or treble damages pursuant to the Texas DTPA and the Texas Insurance Code.

### VI. Breach of Common Law Duty of Good Faith and Fair Dealing

22. Each of the foregoing paragraphs are incorporated herein.

23. Nationwide's acts as alleged herein are also a breach of Nationwide's duty of good faith and fair dealing under the common law.

### VII. Conditions Precedent

24. All conditions precedent, if any, have been performed or have occurred.

### VIII. Request for Disclosure

25. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose the information and materials described in Rule 194.2.

### IX. Jury Demand

26. Plaintiff demands trial by jury on all issues so triable and tenders the appropriate fee herewith.

### X. Prayer

WHEREFORE, PREMISES CONSIDERED, Canales respectfully prays that the Court grant the following relief:

A. Actual damages;

B. Punitive and exemplary damages;

C. Prejudgment interest at the highest rate permitted by law;

D. Post-Judgment interest at the highest rate permitted by law;

E. Attorney's fees pursuant to, *inter alia*, Sections 541.452 and 542.060 of the Texas Insurance Code, the Texas DTPA, and Sections 38.001-38.003 of the Texas Civil Practice & Remedies Code;

F. Costs of court; and

G. Such other and further relief, legal and equitable, general and special, to which Canales may show himself legally entitled.

Respectfully submitted,

Pratt & Flack, LLP

Paul D. Flack
Texas Bar No. 00786930
Email: pflack@prattflack.com
4306 Yoakum Boulevard, Suite 500
Houston, Texas  77006
Telephone:  (713) 705-3087
Fax:  (888) 819-2258

**Counsel for Plaintiff**
**Manny Canales**



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL®

7016 0600 0001 0815 6641

NATIONWIDE PROPERTY AND CASUALTY
C/O AGENT CORPORATION SERVICE CO
211 EAST 7TH STREET
SUITE 620
AUSTIN TX 78701